UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| E. SCOTT LANEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-306-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD A. GETTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendants Richard A. Getty, The Getty Law Group, PLLC, Albert W. Borne, Borne Investigations, Inc., and Stoner Mill Farms, LLC's motions for summary judgment. [Record Nos. 29, 41] Plaintiff E. Scott Laney has responded to the motions. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, he requests that the motions be denied or stayed pending the completion of discovery which is set to conclude on December 31, 2013. [Record No. 33, p. 3] For the reasons set forth below, the defendants' motions will be denied without prejudice to being re-filed upon the completion of discovery.

**I.**

Defendant Stoner Mill Farm, owned by Robert and Nancy Harney, employed Plaintiff E. Scott Laney for a number of years until he was terminated on June 25, 2012. [*See* Record No. 1, p. 4 ¶18.] Three days prior to his termination, Laney was informed by his supervisor that he was required to attend an interview. [Record No. 33, p. 10-11] When he arrived for the interview, Laney met with Defendants Getty and Borne, who proceeded to question him

-1-

regarding items that were missing from the farm, as well as missing receipts and invoices evidencing ownership of the missing items. [Record No. 1, p. 3 ¶14] Laney contends that, during the interview, Getty and Borne – acting as attorney and private investigator for Stoner Mill Farm – requested or suggested that he take a polygraph examination in violation of the Employee Polygraph Protection Act ("EPPA"). *See* 29 U.S.C. § 2001 *et. seq.* Laney claims that the defendants' request and his subsequent termination based on his refusal to take a polygraph violated the EPPA. 29 U.S.C. §§ 2002(1), 2002(3).

Laney filed suit on October 1, 2012. [Record No. 1] On December 28, 2012, the parties filed their joint report of planning meeting under Rule 26(f) of the Federal Rules of Civil Procedure. [Record No. 18] The parties agreed in the joint report that "any dispositive motions should be filed 30 days after completion of discovery with response/reply briefing time to run in accordance with the local rules." [Record No. 18, p. 2] The parties further represented that they intended to continue settlement negotiations and were interested in discussing early resolution of the claims. [Record No. 18, p. 2]

As a result, the Court stayed discovery until March 4, 2013, to allow continued settlement discussions.[1] [Record No. 19]. However, on June 25, 2013 (six months prior to the discovery deadline), Defendants Getty and Borne moved for summary judgment. [Record No. 29] Thereafter, on September 9, 2013, Stoner Mill Farms filed its motion for summary judgment. [Record No. 41] In response to the defendants' motions, Laney argues that the Court should defer ruling on the dispositive motions until the close of discovery. [Record No. 33, p.

---

1   The plaintiff represents that, despite the stay, no substantive settlement discussions were held. [Record No. 33, pp. 1-2]

3, Record No. 42, pp. 2,6] Further, his counsel has attached an affidavit under Rule 56(d), attesting that the plaintiff cannot present facts that are essential to opposing summary judgment. [Record No. 33-9] He states that his response "notes specific instances where there is testimony that cannot be presented at this time by deposition or affidavit and where there are issues that have not yet been probed in discovery." [*Id.*, p. 1]

**II.**

Rule 56 of the Federal Rules of Civil Procedure[2] provides that when facts are available to the non-movant, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "When a motion for summary judgment is filed, the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion. The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (internal citation omitted). To meet this burden, a plaintiff must show "with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Id.* (internal citation omitted). The decision of whether to deny summary judgment to allow

---

2   On December 1, 2010, Rule 56(d) replaced former Rule 56(f). The Advisory Committee notes make clear that Rule 56(d) "carries forward without substantial change the provisions of former subdivision 56(f)." *See* Fed. R. Civ. P. 56 advisory committee note (2010 amendments).

additional discovery is within the Court's discretion. *Glen Eden Hosp., Inc. v. Blue Cross and Blue Shield of Mich., Inc.*, 740 F.2d 423, 428 (6th Cir. 1984).

Where the non-movant demonstrates how postponement of a ruling on the motion will enable him to rebut the summary judgment motion, the Court has discretion to continue the case for discovery or to deny the summary judgment motion without prejudice. *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525 (11th Cir. 1983). And the Sixth Circuit has stated that summary judgment is generally improper where the non-movant was not afforded a sufficient opportunity for discovery. *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). If the non-movant "makes a proper and timely showing" of the need for additional discovery, an entry of summary judgment without permitting additional discovery may constitute an abuse of discretion. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994); *see also Stevens-Bey v. Caruso*, No. 06-10508, 2008 WL 94749, at *2 (E.D. Mich., Jan. 9, 2008).

### III.

Laney argues that the defendants' motions for summary judgment should be denied or stayed because discovery is incomplete. Laney's Rule 56(d) affidavit attests that "[t]here are parties and witnesses who have not been deposed nor provided affidavits[,] yet have information relevant to some of the assertions made by the Defendants in their Motion." [Record No. 33-9, p. 1] In addition, he notes that Nancy Harney (the person who allegedly made the decision to terminate Laney) has not been deposed.[3] [Record No. 33, p. 19] Finally, Laney indicates that

---

3  On December 10, 2013, the plaintiff filed notices to take the depositions of Harney and Borne. [Record Nos. 47, 48]

he intends to depose farm manager Trinidad Arrendondo who allegedly also participated in the decision to terminate him, and that he intends to interview other farm employees.[4] [*Id.*]

Laney has met his burden of showing that completion of discovery is appropriate to allow a proper response to the defendants' motions for summary judgment. *Vance*, 90 F.3d at 1148. He has identified specific individuals he seeks to depose — Harney, Borne, and Arrendondo — and has explained how the information gained from their testimony would likely disclose material facts. [Record No. 33, p. 19] For example, sworn testimony from Nancy Harney could address whether the decision to terminate Laney occurred before or after the June 22, 2012, interview. [*See* Record No. 33, pp. 18-19.] This is a material fact under Laney's claim that he was discharged for refusing the polygraph examination on June 22, 2012.

Laney also seeks to demonstrate that Nancy Harney's allegations regarding the missing documents was a "pretext" for his termination. [Record No. 33, p. 10] He submits that the testimony of Stoner Mill Farm's employees would establish that some were directed "to take and hide various items and papers" around the relevant time when the papers went missing. [Record No. 33, p. 10]

Testimony from investigator Borne is likely to show whether Stoner Mill reasonably suspected that Laney was involved in the disappearance of the documents. This is a material fact concerning whether Stoner Mill would be entitled to the "ongoing investigation" exemption

---

4   Laney further notes that, "[a]lthough depositions have not been taken at this time of several employees and former employees of Stoner Mill Farm, they have been identified as possible witnesses in the Initial Disclosures and discovery responses who may have knowledge and information of certain Stoner Mill Farm employees being directed to take and hide various items and papers" around the relevant time period. [Record No. 33, p. 10]

under the EPPA, as the defendants assert. *See* 29 U.S.C. § 2006(d). Laney also seeks to attack the authenticity of an e-mail sent from Borne to Getty regarding the decision to fire Laney, [Record No. 29-5], and argues that the scope of the waiver of attorney-client privilege in divulging that e-mail (as well as the selective waiver of attorney-client privilege during certain points in Getty's deposition) is an additional reason that summary judgment is premature. [Record No. 33, pp. 18-19]

In summary, Laney has made a proper showing under Rule 56(d). He has submitted an affidavit and responses, identifying specific evidence relevant to material facts. *See Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (plaintiff seeking additional discovery must "be able to show that he could obtain information through discovery that would disclose material facts."). Further, he has identified "with some precision" how those facts would assist him in opposing summary judgment. *See Summers*, 368 F.3d at 887. In accordance with the original Scheduling Order, the parties shall complete all discovery no later than December 31, 2013. [Record No. 29]

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.  Plaintiff E. Scott Laney's Rule 56(d) requests contained in his responses to the defendants' motions for summary judgment [Record Nos. 33, 42] are **GRANTED**. The parties shall be allowed additional time for discovery, up to and including December 31, 2013. The

parties are advised that any requests for more time to complete discovery will be disfavored and are unlikely to be granted.

2.     Defendants Albert W. Borne, Borne Investigations, Inc., Richard A. Getty, and The Getty Law Group, PPLC's motion for summary judgment [Record No. 29] is **DENIED**, without prejudice to being re-filed upon the close of discovery and in accordance with the Court's Scheduling Order.  [Record No. 19]

3.     Defendants Stoner Mill Farm, LLC's motion for summary judgment [Record No. 41] is **DENIED**, without prejudice to being re-filed upon the close of discovery and in accordance with the Court's Scheduling Order.  [Record No. 19]

This 12th day of December, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge