UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| E. SCOTT LANEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-306-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD A. GETTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendants Albert W. Borne, Borne Investigations, Inc., Richard A. Getty, The Getty Law Group, PLLC and Stoner Mill Farm, LLC's motion to alter, amend, or vacate the Court's June 23, 2014 Memorandum Opinion and Order and Judgment regarding the parties' entitlement to costs and attorneys' fees. [Record No. 120] For the reasons set forth below, the motion will be denied.

**I.**

The Court has previously discussed the history of this case at length. [*See* Record No. 106.] Plaintiff E. Scott Laney was employed by Defendant Stoner Mill Farm ("Stoner Mill"), owned by Robert and Nancy Harney, from 2006 until June 25, 2012. [Record No. 1, p. 4 ¶18] Defendants Al Borne and Richard Getty were hired by Stoner Mill to investigate Native American and Western artifacts that allegedly were stolen in 2010 by former Stoner Mill manager John Walden. [Record No. 106, p. 3] During one of the civil cases initiated by Nancy Harney against Walden, invoices and receipts supporting the purchase and ownership of the

-1-

missing artifacts were disclosed and copies were exchanged. [Record No. 33] Stoner Mill claims that some of those documents went missing "at some point prior to June 22, 2012." [Record No. 60-1, p. 2 n.2] On June 22, 2012, Borne and Getty interviewed Laney in connection with the litigation relating to the missing artifacts and documents. [*Id.*, p. 2] During the interview, Borne asked Laney if he took the documents and other items. Laney responded,"I absolutely didn't take it. Do you want me to take a lie detector test? I mean, I would not steal from Nancy or take anything." [Record No. 60-9, p. 19 ln. 23-25] Borne then stated, "[w]ell actually, that was going to be my next question quite honestly." [*Id.*, p. 20 ln. 1-2] Laney replied, "[n]o, I'm not going to take a lie — I mean I didn't take it." [*Id.*, ln. 3-5] The subject of a polygraph examination was subsequently brought up by the defendants several times during the recorded interview. [*Id.*, p. 24 ln. 8-17; pp. 46-47 ln. 3-14] Borne later told Laney, "you really need to think about taking a lie detector test." [*Id.*] Laney responded that he would "think about it." [*Id.*] Laney was terminated on June 25, 2012. [*Id.*, p. 8]

Laney filed suit against Getty, the Getty Law Group, Borne, Borne Investigations, and Stoner Mill. He alleged that the defendants violated the EPPA, 29 U.S.C. §§ 2002(1) and 2002(3), by requesting and suggesting that he take a lie detector test and then terminating him as a result of his refusal to do so. [Record No. 1, p. 4 ¶19] The Court granted partial summary judgment in the defendants' favor regarding Laney's claim that he was terminated for his refusal to take a polygraph. Among other things, the undersigned concluded that the defendants had established that the decision to terminate Laney was made prior to the date of the interview. [Record No. 106]

The Court notified the parties pursuant to Rule 56(f) of the Federal Rules of Civil Procedure that the plaintiff was likely entitled to summary judgment on his remaining claim. [*See id.*] After briefing the issue, judgment was entered in favor of Laney for his claim asserted under 29 U.S.C. § 2002(1). Laney was awarded nominal damages as well as attorneys' fees and costs. [Record No. 117] The Court also denied the defendants' request for costs including attorneys' fees. [*Id.*] The defendants now ask the Court to alter, amend, or vacate its previous Judgment concerning costs and attorneys' fees.

**II.**

Motions to reconsider under Rule 60(b) give the Court an "opportunity . . . to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Such motions seek extraordinary judicial relief and should be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

**III.**

**A.     Laney's Attorneys' Fees**

The defendants claim that the Court clearly erred in light of Supreme Court and Sixth Circuit precedent. [Record No. 120-1, p. 2] They assert that the Supreme Court's holding in *Farrar v. Hobby*, 506 U.S. 103 (1992), requires that the Court deny Laney's application for attorneys' fees because he received an award of nominal damages. [*Id.*] In *Farrar*, the Supreme

Court held that a plaintiff who is awarded nominal damages claim is a prevailing party under 42 U.S.C.A. § 1988, but that the "technical nature" of a nominal-damages award does "bear on the propriety of fees awarded." *Farrar v*, 506 U.S. at 114. The plaintiff in *Farrar* requested $17 million in compensatory damages. After ten years of litigation, Farrar received just one dollar. *Id.* at 116. The Supreme Court affirmed the reversal of the district court's fee award of $280,000.00. *Id.*

In a separate concurrence, Justice O'Connor identified three factors to consider in awarding fees when a prevailing plaintiff fails to prove compensable injury: (i) the degree of success obtained; (ii) the significance of the legal issues on which the plaintiff prevailed; and (iii) the public purpose served. *See id.* at 121-22. The defendants claim that when these factors are evaluated, the Court should reconsider its determination that Laney is entitled to attorneys' fees. In support, they maintain that the Sixth Circuit has repeatedly held that it is an abuse of discretion for a trial court to award attorneys' fees where a plaintiff only receives nominal damages. *See Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003); *see also Cramblit v. Fikse*, 33 F.3d 633(6th Cir. 1994); *Glowacki v. Howell Pub. Sch. Dist.*, No. 13-2231, 2014 WL 2109310 (6th Cir. May 20, 2014). These cases apply the same analysis under § 1988 in determining whether the district court erred in awarding attorneys' fees in favor of a prevailing plaintiff that recovers only nominal damages.

Title 29 of the United States Code, Section 2005(c)(3), provides that "[t]he court, in its discretion, may allow the prevailing party (other than the United States) reasonable costs, including attorney's fees." The Court entered judgment against the defendants in favor of Laney

on his § 2002(1) claim. [Record No. 117] Therefore, Laney is a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 423 (1983) (a plaintiff may be considered a prevailing party if they succeed on any significant issue in litigation which achieves some of the benefit the party sought). The Supreme Court has held that a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429 (internal quotation marks omitted). Further, the Sixth Circuit has indicated that, when there are no special circumstances present, a district court does not have discretion and must award attorneys' fees. *Cleveland v. Ibrahim*, 121 F. App'x 88 (6th Cir. 2005); *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

While the defendants claim that *Farrar* and its Sixth Circuit progeny require a finding that Laney is not entitled to attorneys' fees, the issue is not sufficiently clear to render the Court's previous determination manifestly erroneous. The question of whether a claimant can recover costs and attorneys' fees under 29 U.S.C. § 2005(c)(3) is not governed by the prevailing-party doctrine articulated in the cases cited by the defendants. That doctrine is derived from a different statutory provision, 42 U.S.C. § 1988. In contrast, the EPPA allows "[t]he court, in its discretion, [to award] . . . the prevailing party (other than the United States) reasonable costs, including attorney's fees." 29 U.S.C. § 2005(c)(3). Further, the Sixth Circuit has held that when the issue of attorneys' fees is derived from a different statutory provision, *Farrar* and its progeny have limited to no applicability. *See Roadway Exp., Inc. v. Admin. Review Bd.*, U.S. Dep't of Labor, 6 F. App'x 297, 301 (6th Cir. 2001) (the *Farrar*'s analysis does not apply to a separate fees section contained in the Surface Transportation Act). The Sixth Circuit has not spoken on

the applicability of the *Farrar* line of cases to § 2005(c)(3). However, considering that Congress indicated that the EPPA should be broadly interpreted, the defendants' argument fails. *Veazey v. Commc'ns & Cable of Chicago, Inc.*, 194 F.3d 850, 859 (7th Cir. 1999).

Further, Sixth Circuit precedent concerning the attorneys' fees issue under § 1988 is not as clearly defined as the defendants claim. In fact, the Sixth Circuit recently has reversed a district court's order denying attorneys' fees in which the district court relied heavily on *Farrar*. *Hescott v. City of Saginaw*, 13-2103, 2014 WL 2959289, at *5 (6th Cir. July 2, 2014). There, the court reversed a district court's decision, in part, because *Farrar* only "dealt with the *reasonableness* of a given fee award." *Id.* (emphasis in original). Here, the defendants are not challenging the reasonableness of the fee award but are arguing for its outright denial. Further, the Sixth Circuit also questioned using the three-factor O'Connor test for determining the reasonableness of fees as it has never been adopted by the Supreme Court. *Id.* Thus, even if the § 1988 analysis were applicable, the Sixth Circuit's most recent holding warns against application of *Farrar* in the manner the defendants urge.

### B. The Defendants are not Entitled to an Award of Costs

The defendants' argument concerning their request for attorneys' fees will again be rejected. Motions to reconsider are not intended to provide an unsuccessful litigant a second chance to reargue issues already considered and decided. *United States v. Combs*, No. 6: 04-54-DCR, 2012 WL 4460745, at *1 (E.D. Ky. Sept. 26, 2012); *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citation omitted). Regardless, the defendants improperly attempt to "merely restyle or rehash the initial issues," already

addressed by the Court. *Id.* To reiterate, under the EPPA, "[t]he court, in its discretion, may allow the prevailing party (other than the United States) reasonable costs, including attorney's fees." 29 U.S.C. § 2005(c)(3).

Previously, the Court found that cases involving attorneys' fees in employment discrimination contexts are particularly instructive in this context. These cases indicate that awarding fees against a losing plaintiff is uncommon. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 41, 421 (1978); *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (2d Cir. 1976); *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986). The Court previously concluded that Laney's case was not so frivolous, unreasonable, or without foundation that an award of fees would be appropriate. *See Jones*, 789 F.2d at 1232.

Laney was successful on his claim that the defendants violated § 2002(1) of the EPPA. Further, the Court determined that discretion dictated against an award of costs and fees in favor of the defendants in light of the plaintiff's success. The defendants point to no evidence or facts that the Court did not consider in reaching its earlier determination. While they argue that Laney's prosecution of his § 2002(3) claim was frivolous, unreasonable, and without foundation, this Court reaches a contrary conclusion. Indeed, the temporal proximity of the decision to terminate Laney after the refusal to take the polygraph was sufficient to establish a *prima facie* case. However, in light of the probative evidence the defendants produced, it was not enough to overcome summary judgment. For the reasons outlined about and as discussed by the Court previously, the defendants' motion for attorneys' fees and costs will be denied.

## IV.

It is hereby **ORDERED** that Defendants Albert W. Borne, Borne Investigations, Inc., Richard A. Getty, The Getty Law Group, PLLC and Stoner Mill Farm, LLC's motion to alter, amend, or vacate [Record No. 120] is **DENIED**.

This 25th day of August, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge