UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| E. SCOTT LANEY, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5: 12-306-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD A. GETTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Previously, the Court granted summary judgment in favor of Defendants Richard Getty, Albert Borne, Stoner Mill Farm LLC, The Getty Law Group PLLC, and Borne Investigations, Inc., concerning Plaintiff E. Scott Laney's wrongful termination claim under 29 U.S.C. § 2002(3). [Record No. 106] The Court subsequently granted summary judgment in favor of Laney on his remaining 29 U.S.C. § 2002(1) claim and denied the defendants' request for costs and attorneys' fees. [Record No. 117] Laney was awarded nominal damages of $1.00. [Record No. 118] The matter is currently pending for consideration of the plaintiff's motion for attorneys' fees and costs under the Employee Polygraph Protection Act, 29 U.S.C. § 2001 *et seq.* ("EPPA"). [Record No. 122] The defendants oppose the motion. [Record No. 125] Having further reviewed this matter, the plaintiff will be awarded $54,266.58 in attorneys' fees and $5,079.50 in costs.[1]

---

[1] Laney also moves the Court to deem his motion for attorneys' fees to have the same effect as a Rule 59 motion to alter or amend, extending the deadline for appeal. [Record No. 130] That motion will be denied.

The defendants continue to argue against an award of any attorneys' fees. [Record No. 125] The Court has considered this argument [Record No. 117] and reconsidered it at the defendants' request [Record No. 126] and declines to address it further. Title 29 of the United States Code, § 2005(c)(3), provides that "[t]he court, in its discretion, may allow the prevailing party (other than the United States) reasonable costs, including attorney's fees." The Court entered judgment against the defendants in favor of Laney on his § 2002(1) claim. [Record No. 117] Therefore, Laney is a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 425 (1983) (a plaintiff may be considered a prevailing party if he succeeds on any significant issue in litigation which achieves some of the benefit the party sought). The Supreme Court has held that a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429 (internal quotation marks omitted). Further, the Sixth Circuit has indicated that, absent special circumstances, a district court does not have discretion and must award attorneys' fees.[2] *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. Of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

## I. Timing of the Motion

As a threshold matter, the defendants contend that the plaintiff's motion is premature because the Court's June 23, 2014 Judgment is not final. [Record No. 125] According to the defendants, the motion to alter or amend under Federal Rule of Civil Procedure 59 tolled the deadline for filing an appeal and destroyed the finality of the Court's Judgment. The

---

[2] The Court has already—and at great lengths – distinguished this case from *Farrar v. Hobby*, 506 U.S. 103 (1992), where no attorneys' fees were awarded to a plaintiff who sought $17 million in damages, litigated for 10 years, and received nominal damages of $1.00. [Record No. 126] Despite the defendants' urging, the Court will not apply *Farrar* here.

defendants rely on Local Rule 54.4. However, the rule states, in relevant part, that a motion for attorneys' fees "must be filed no later than thirty (30) days after entry of judgment." LR 54.4. As the plaintiff correctly argues, this language does not preclude a motion for attorneys' fees earlier than thirty days after the entry of final judgment. Although the Sixth Circuit has found that a timely-filed Rule 59 motion destroys the finality of judgment and extends the deadline for filing motions for attorneys' fees, it has not suggested that the filing of a motion for fees *before* the deadline is premature. *Miltimore Sales v. Int'l Rectified, Inc.*, 412 F.3d 685 (6th Cir. 2005). Regardless, the Court has already denied the motion to alter, amend, or vacate, rendering this argument moot. [Record No. 126] In short, the defendant's argument that the motion is premature is without merit.

## II.  Lodestar Amount

Given the scarcity of case law under the EPPA, it is not surprising that the Court must look outside of cases interpreting the act to properly frame the plaintiff's motion. Cases involving attorneys' fees in employment discrimination contexts are particularly instructive. Courts within the Sixth Circuit calculate attorney fees in employment discrimination cases using the "lodestar" method. *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 433) (applying the lodestar method in the Age Discrimination in Employment Act, 29 U.S.C.S. § 623(d) and Title VII, 42 U.S.C. § 2000e-3(a), context).

The Court's primary concern in awarding attorney's fees is the reasonableness of the fee. A reasonable fee is that which "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). In determining the amount of an attorneys' fee award, courts

begin by calculating the fee applicant's "lodestar," which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley*, 461 U.S. at 435). As discussed below, the reasonable hourly rate is $300.00 for Michael Cox and $180.00 for David Cox. Michael Cox reasonably expended 289.7 hours, while David Cox reasonably expended 5.0 hours. Thus, the lodestar amount of attorneys' fees is $87,810.00.[3]

### A. Reasonable Hourly Rate

Laney seeks compensation based on his attorneys' hourly rate. [Record No. 122] The first step in determining a reasonable rate is to look at the "prevailing market rate in the relevant community." *Adcock-Ladd*, 227 F.3d at 350. This is defined as the rate which "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court record." *Id.* Under this standard, the Court looks at the prevailing hourly rates for practitioners in the Eastern District of Kentucky.

The requested hourly rates reflect counsels' respective training, background, experience, and skill. Michael J. Cox, lead counsel for the plaintiff, has over 25 years of experience, concentrated in trial and litigation with extensive experience in employment cases. Michael Cox handled the vast majority of the billable hours in the case and brought significant experience and ability to bear on the case. He bills his clients at $300.00 an hour. [Record No. 113-1] David Brent Cox, assistant counsel, has practiced for over five years. He bills at $200.00 an hour. [*Id.*] The plaintiff's counsel has submitted affidavits and case law touting the reasonableness of these hourly rates for attorneys of comparable experience

---

[3] (289.7 x $300.00) + (5.0 x $180.00) = $87,810.00

in the community. [*Id.*] Further, the defendants have not produced evidence to suggest that these rates are unreasonable.

However, district courts are not required to adopt the attorneys' fee rates charged by the highest paid attorneys in town to their most lucrative clients. *See Maxwell's Pic-Pac, Inc. v. Dehner*, 2013 U.S. Dist. LEXIS 34596, at *13 (W.D. Ky. Mar. 13, 2013). The rates requested in this case operate simply as a starting point from which the Court determines the appropriate market rate for attorneys with sufficient competence and experience to pursue their client's goals. *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007). To this end, the Court reviews recent attorneys' fees cases. The Court has accepted rates of $300.00 and $150.00 for partner- and associate-level experience, respectively. *Am. Canoe Ass'n v. City of Louisa*, 683 F. Supp. 2d 480, 488 (E.D. Ky. 2010). *See also ACLU of Ky. v. McCreary Cnty.*, 2009 U.S. Dist. LEXIS 22206, at *4 (E.D. Ky. Mar. 13, 2009) ($300.00 hourly rate for experienced attorney in Kentucky and $180.00 was reasonable for an associate in Kentucky in 2009).

Based on the foregoing, the requested $300.00 is a reasonable hourly rate for an experienced attorney such as Michael Cox. However, the Court concludes that $200.00 is an unreasonable hourly rate for an attorney in Kentucky with only five years of experience. As a result, David Cox's hourly rate will be reduced to $180.00 per hour, because his level of experience simply does not support the higher rate sought.

### B. Hours Reasonably Expended

Laney's counsel is only entitled to bill for hours "reasonably expended." *Hensley*, 461 U.S. at 434. The party asking for an award of fees should "exercise billing judgment with respect to the hours worked." *Id.* at 437. Attorneys who seek fees have an obligation to

"maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. *Imwalle,* 515 F.3d at 552. The Sixth Circuit has explained that, in "obtaining the number of hours expended on the case, the district court must conclude that the party seeking the award has sufficiently documented its claim." *Id.* Here, the plaintiff's billing statements document time billed beginning June 22, 2012, and ending July 23, 2014. This period of time corresponds with Laney's subject meeting with the defendants on June 22, 2012, and the date he filed the motion for attorney fees and costs, July 23, 2014. The documentation is sufficient to allow the Court to determine the reasonable number of hours expended.

### 1. Unsuccessful Claims

Laney seeks payment for all of the hours spent on this litigation. The defendants argue that counsel should not recover attorneys' fees for the time spent litigating Laney's unsuccessful claim for wrongful termination. [Record No. 125] A plaintiff is not entitled to fees for work undertaken on unsuccessful claims that are sufficiently distinct from his successful claims. *Imwalle*, 515 F.3d at 552. The Supreme Court in *Hensley*, however, expressly prohibited district courts from determining fees based on the success or failure of individual claims where the claims arise from a common core of facts or related legal concepts. 461 U.S. at 488; *cf. Déjà vu of Nashville v. The Metro. Gov't. of Nashville and Davidson Cnty., Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005). Instead, such claims "should not be treated as distinct claims" for the purpose of calculating attorneys' fees, and "the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). In fact, awarding fees for services connected to related, albeit unsuccessful, claims fulfills the underlying purpose of the EPPA's attorneys' fees

provision by encouraging counsel to take clients under the Act that might not otherwise receive representation.

Laney's claims relied upon the same legal theories since both arose under the EPPA. The underlying facts of each claim were also related, concerning the June 22, 2012 meeting and termination of the plaintiff's employment. Thus, the claims will be treated as related for the calculation of attorneys' fees. *See Imwalle,* 515 F.3d at 555 (upholding a district court's award of fees because "[c]ommon facts [were] at the heart of all of [the plaintiff's] claims, both successful and unsuccessful").

### 2. Pre-Suit Settlement Demands

The defendants argue that Laney should not be awarded attorneys' fees for hours billed for settlement activities undertaken before litigation commenced. [Record No. 125] Specifically, the defendants object to the 5.6 hours billed for drafting a demand letter to Nancy Harney before the plaintiff's Complaint was filed. Time spent negotiating settlement of a dispute and drafting demand or settlement documents is a necessary expense of litigation. *See Nature Conservancy, Inc. v. Sims*, 2013 U.S. Dist. LEXIS 46868, at *5 (E.D. Ky. Mar. 28, 2013). Moreover, disallowing attorneys' fees for settlement negotiations would chill attorneys' pre-trial settlement efforts. *Id.* After examining the billing record, it oes not appear that the number of hours spent drafting and revising the subject demand letter was excessive. Therefore, the allotted time will not be disturbed.

### 3. Specificity of Time Entries

Next, the defendants challenge Laney's billing entries as vague and indecipherable, arguing that the descriptions contained in the billing statement fail to identify the subject matter of the activity involved. Specifically, the defendants point to entries such as

"Continue Research" and "Attention to" and those redacted for attorney-client privilege. [Record No. 125, p. 6] The defendants also object to the "block-billing" entries that lump together multiple tasks, arguing that such entries make it impossible to "accurately determine the amount of time spent on each task." [Record No. 125, p. 4]

The key requirement for an award of attorneys' fees is that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n. 2 (6th Cir. 1984). Where documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Although counsel need not "record in great detail" each minute he or she spent on an item, the general subject matter should be identified. *Imwalle*, 515 F.3d at 533.

The Sixth Circuit has upheld awards of attorneys' fees where entries made by counsel in billing records "were sufficient even if the description for each entry was not explicitly detailed." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005). Similarly, this Court has held that claimants met their burden to provide detailed billing records where counsel provided the Court with "itemized statements describing the subject matter, the attorney, the time allotment, and the charge for all work done." *Anderson v. Wilson*, 357 F. Supp. 2d 991, 999 (E.D. Ky. 2005).

Laney's counsel submitted thirteen pages of detailed, itemized billing records that specify, for each entry, the date that the time was billed, the individual who billed the time, the fractional hours billed, and the specific task completed. [Record No. 122-1] Each page of the billing record contains a heading identifying the client, matter number, and

description, and the billing statement appears to have been computer-generated. Furthermore, the billing records appear to have been maintained contemporaneously with the completion of the work and indicate the general nature of the tasks performed. The majority of the billing entries, when taken in the context of the time period and the corresponding proceedings, are sufficiently descriptive of the tasks performed by the attorneys. A billing entry which states that the time billed was spent on "Continued Research" is sufficiently descriptive when previous entries describe the subject of the research. The products of counsel's expended effort – the motions and responses filed in this Court – speak for themselves regarding the specific tasks which were performed, such as writing, proofreading, cite-checking, and editing, as well as the specific subjects covered. *See United States v. GE*, 387 Fed. Appx. 144, 149 (6th Cir. 2010).

Further, the defendants' objection to the format of Laney's billing record is without merit. The argument that the use of block billing is contrary to the award of a reasonable attorneys' fee is unsupported by relevant authority. To the contrary, the Sixth Circuit has held that, where counsel has provided a detailed description of activities, block billing "is sufficient to assess whether the cost of the service is reasonably related to the quality or extent of service" in determining attorneys' fees. *Pittsburgh & Conneaut Dock Co. v. Dir., OWCP*, 456 F.3d 616, 625 (6th Cir. 2006).

However, the two entries that have been redacted by the plaintiff's counsel to protect privileged information do not provide sufficient descriptions. The entries do not identify even a general subject matter of the tasks performed. [Record No. 122-1, pp. 12-13] As a result, the 0.9 hours redacted from the billing record will be excluded from the attorneys' fees award.

## III. Adjustments

To ascertain an adequately compensatory attorneys' fee without creating a windfall for lawyers, the Court adjusts the lodestar amount to reflect relevant considerations specific to the subject litigation. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The defendants here ask for an overall downward adjustment beyond the lodestar calculation. This request will be granted.

### A. Degree of Success

A crucial factor in Sixth Circuit determinations of reasonable attorneys' fees is the degree of success achieved in the lawsuit. *See White v. Burlington N. & Santa Fe Ry.*, 364 F.3d 789 (6th Cir. 2004). The Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Déjà vu*, 421 F.3d at 423. However, "where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee; if a plaintiff obtains limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained." *Isabel*, 404 F.3d at 416.

Although the defendants emphasize Laney's nominal damages award of $1.00, the award alone is not a sufficient measure of success. *Am. Canoe*, 683 F. Supp. 2d at 494. The Court weighed factors unrelated to success when determining the amount of damages. Nevertheless, if a plaintiff has achieved only partial success, the lodestar amount may be excessive, "even where a plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. While there is no precise rule or formula to determine the degree of success, the Sixth Circuit provides guidance. In *Kentucky Restaurant Concepts*, the Sixth Circuit affirmed an award that reduced the lodestar 35% for

partial success. 117 F. App'x 415, 421-22 (6th Cir. 2004). According to the court in *Kentucky Restaurant*, the plaintiffs achieved a "good" but not "excellent" result and no long-term relief. *Id.* at 421.

Here, as in *Kentucky Restaurant*, a downward adjustment is appropriate. Laney pursued two claims under the EPPA. While his wrongful termination claim failed, his EPPA claim succeeded. The Court has already held that Laney succeeded on a significant issue and achieved some of the benefit sought. [Record No. 126] Even in the wrongful termination claim that ultimately failed, the Court found that Laney sufficiently established a *prima facie* case. [*Id.* p. 7] Although those efforts were not successful, they were not frivolous. After a consideration of the totality of the relief obtained and the amount of time and fees expended, a 40% reduction is appropriate. The compensable amount will be reduced from the lodestar $87,810.00 to $52,686.00.

### B. Time Spent on Attorneys' Fees Calculation

In addition to the lodestar amount above, the plaintiff's counsel billed $3,570.00 for the time spent working on the motion for attorneys' fees itself. [Record No. 122-1, p. 16] The Sixth Circuit has held that "a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over." *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). Absent unusual circumstances, "the hours allowed for preparing and litigating the attorneys' fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." *Id.* The $3,570.00 represents

nearly 7% of Laney's fee award for the main litigation.[4] Thus this amount will be reduced for excessiveness.

The fee award for time spent calculating the appropriate attorneys' fees will make up no more than 3% of the total award, the highest amount appropriate in a case submitted on the papers. Thus, the plaintiff's award for attorney-fee-litigation hours will be capped at $1,580.58. Therefore, the total amount of total attorneys' fees compensable, including this capped amount, is $54,266.58.

### IV. Costs

Laney also seeks to recover litigation expenses in the amount of $5,079.50.[5] [Record No. 122] The requested expenses include transcripts and filing fees, which are properly taxable under 28 U.S.C. § 1920. The defendants do not specifically object to the reasonableness of the costs. Thus, the plaintiff will be awarded costs in the amount of $5,079.50.

### V. Plaintiff's Request for Rule 59 Motion

Under the Federal Rules of Civil Procedure, a motion for award of costs or attorneys' fees does not toll the filing deadline for an appeal. Fed. R. Civ. P. 58(e). However, Laney has filed a motion under Fed. R. Civ. P. 58(e) for his motion for attorneys' fees and costs to have the same effect as a timely motion under Rule 59(e) to alter or amend a judgment. [Record No. 130] Granting this motion would allow the parties additional time to appeal the

---

[4]     $3,570.00 / $52,686.00 = 6.8%

[5]     The record reflects two different amounts sought for the plaintiff's costs. In the bill of costs, Laney requests $5,028.85. [Record No. 121] However, in his motion for attorneys' fees, he requests $5,079.50. [Record No. 122] Upon comparison, the two requests cover the same expenses, with a few additions in the motion for attorneys' fees. The Court will therefore address the costs sought in Record No. 122 and dispose of the bill of costs in Record No. 121.

Court's Judgment.  Because notices of appeal have already been filed in this case, the motion will be denied as moot.  [Record Nos. 133-135]

**VI.    Conclusion**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1.    Plaintiff E. Scott Laney's motion for costs and attorneys' fees under the Employee Polygraph Protection Act, 29 U.S.C. § 2001 *et seq.* [Record No. 122] is **GRANTED**, in part.  The plaintiff will be awarded attorneys' fees in the amount of $54,266.58 and costs in the amount of $5,079.50.

2.    Plaintiff Laney's bill of costs [Record No. 121] is **DISALLOWED** as redundant with the motion for costs and attorneys' fees [Record No. 122].

3.    Plaintiff Laney's motion to deem his motion for costs to have the same effect as a Rule 59 motion [Record No. 130] is **DENIED** as moot.

This 14th day of October, 2014.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge